UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 04-17077 |
| --- | --- |
| Plaintiff - Appellee, | D.C. No. CV-01-00056-JCC |
| v. | **JUDGMENT** |
| JAMES N. LEON GUERRERO, | |
| Defendant - Appellant. | |

FILED
DISTRICT COURT OF GUAM
JAN 0 5 2006
MARY L.M. MORAN
CLERK OF COURT

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 12/08/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 3 0 2005

by: [signature]
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 08 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. JAMES N. LEON GUERRERO, Defendant - Appellant. | No. 04-17077 D.C. Nos. CV-01-00056-JCC CR-97-00094 MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
John C. Coughenour, Chief Judge, Presiding

Submitted November 21, 2005**
Honolulu, Hawaii

Before: HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

James Leon Guerrero appeals the district court's denial of his 28 U.S.C. § 2255 motion. Guerrero was indicted on four counts in connection with the armed robbery of the Bank of Guam. At trial, the jury returned verdicts of

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

acquittal on three of the counts and was hung on the count for conspiracy to commit armed bank robbery. At the subsequent trial for the conspiracy count, the jury returned a verdict of guilty, and Guerrero was sentenced to life in prison pursuant to the three-strikes provision of 18 U.S.C. § 3559(c). After losing a direct appeal, Guerrero filed a § 2255 motion arguing that he received ineffective assistance of counsel at the second trial. The district court denied the motion without a hearing and on appeal we remanded for an evidentiary hearing. Guerrero v. United States, 2003 U.S. App. LEXIS 26345 (9th Cir. Dec. 23, 2003).

Following the hearing, the district court again denied Guerrero's claim and he appealed. We consider Guerrero's claim under the two-part standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). Guerrero identifies three aspects of trial counsel's representation as deficient. First, Guerrero argues that defense counsel's strategy was deficient because the two central components of the defense were inconsistent, and thus not credible, and were prejudicial to the jury. We are not persuaded that trial counsel's strategy falls outside the wide

2

range of professionally competent assistance.[1] A long list of government witnesses testified consistently and in detail concerning Guerrero's leadership and planning of the robbery, and to their participation because of fear of his threats and violence. Faced with this testimony, defense counsel's options were limited; he could rely solely on impeachment evidence or add the coercion defense at issue here. In this context, counsel's strategic decision was not clearly unreasonable.

Guerrero also argues that counsel's representation was deficient because he was unaware of the safety-valve provision in 18 U.S.C. § 3559(c) that would have allowed Guerrero to avoid a life sentence. At the second trial the parties stipulated that the bank robbery had involved firearms and the use of violence. The government introduced substantial evidence of violence and the use of a gun as part of the conspiracy. Even if not precluded outright, Guerrero would have borne the burden of qualifying for the safety-valve. In the face of the stipulation and evidence, he does not explain how he would have met this burden.

---

[1] Guerrero cites <u>Bland v. California Dept. of Corr.</u>, 20 F.3d 1469 (9th Cir. 1994) for the proposition that "when . . . inconsistencies also arise from the defense's own camp" the prejudice prong of <u>Strickland</u> is met. <u>Id.</u> at 1479. However, in <u>Bland</u> the inconsistent defense theories were evidence of other deficiencies, namely that defense counsel failed to appear on several occasions, was held in contempt and disbarred, failed to communicate entirely with his client, and was unaware of the substance of the central evidence in the case. <u>Id.</u> at 1474-75, 1479 n.10.

3

Finally, Guerrero argues that counsel's advice not to testify was deficient because it was based on a flawed understanding of the rule of collateral estoppel. Counsel advised Guerrero not to testify, in part, to avoid opening the door to impeachment with prejudicial evidence that had been previously suppressed. Guerrero argues that this advice was flawed because evidence barred under collateral estoppel would not have come in even had he testified. This analysis is incorrect. Evidence of prior acquitted conduct is admissible in a subsequent action under certain circumstances. Dowling v. United States, 493 U.S. 342, 348-49 (1990). Thus, trial counsel's advice not to testify was not deficient in this respect. Significantly, uncontroverted evidence supports the fact that Guerrero participated closely in preparing for his trial, was well aware of issues surrounding the decision not to testify, and was not prevented from testifying by counsel.

Even assuming that trial counsel's representation had been deficient, in order to prevail, Guerrero must also show prejudice by establishing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Guerrero has failed to show prejudice. As noted above, numerous witnesses testified consistently and in detail regarding Guerrero's planning and leadership of the robbery. Most of these witnesses were co-conspirators or family members. In the

4

face of this evidence, Guerrero has not met his burden of showing that the outcome of trial would have been different but for trial counsel's decisions.

**AFFIRMED.**

INTERNAL USE ONLY: Proceedings include all events.
04-17077 USA v. Guerrero

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Karon V. Johnson, Esq.<br>FAX 671/472-7334<br>671/472-7332 X-146<br>Ste. 500<br>[COR LD NTC aus]<br>USHA - OFFICE OF THE U.S.<br>ATTORNEY<br>108 Hernan Cortez Ave.<br>Hagatna, GU 96910 |
| v. | |
| JAMES N. LEON GUERRERO<br>    Defendant - Appellant | William L. Gavras, Esq.<br>FAX 671/472-2342<br>671/472-2308<br>2nd Fl.<br>[COR LD NTC cja]<br>GORMAN & GAVRAS<br>J & R Building<br>208 Route 4<br>Hagatna, GU 96910<br><br>James N. Leon Guerrero<br>Reg# 03744-445<br>[COR LD NTC prs]<br>USP FLORENCE<br>P.O. Box 7000<br>Florence, CO 81226 |