## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:97-cr-00094-001 |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION AND MODIFYING RESTITUTION PAYMENT SCHEDULE** |
| JAMES LEON GUERRERO, | |
| Defendant. | |

### I. INTRODUCTION

Before the Court is Defendant James Leon Guerrero's pro se Motion to Notify Court of Change in Defendant's Economic Circumstances and Set Restitution Payment Schedule (ECF No. 221) ("Motion") accompanied with his declaration (Decl., ECF No. 222). Defendant requests the Court establish a restitution payment schedule while he is serving his term of imprisonment. (Mot. 1.) The Government has not filed a response to Defendant's motion, but has filed the 18 U.S.C. § 3664(k) Certification of Notice Sent to Victim (ECF No. 226) in response to the Court's order (ECF No. 225). Based on the foregoing, the Court GRANTS Defendant's motion and orders Defendant to pay the balance due on the restitution in monthly installments of $30 until the entire balance, including any interest, is paid.

### II. PROCEDURAL AND FACTUAL HISTORY

Defendant was convicted of one count of Conspiracy to Commit the Crime of Armed Bank Robbery, in violation of 18 U.S.C. § 371 and sentenced in July 1998 to a term of imprisonment of life without parole. (J. 1-2, ECF No. 160, *aff'd*, ECF No. 216 (9th Cir. 2006).) Defendant was ordered to pay $75,846.03 in restitution, due immediately. (*Id.* at 3-4.)

Defendant declares, under penalty of perjury, that he has not had the opportunity to work a prison job since 2008 due to his being housed in isolation. (Decl. ¶ 3.) He further declares that, due to his inability to work a prison job, his only means of paying restitution are from money his family sends him, which totals "$100 to $200 per month." (*Id.*) Defendant declares that Bureau of Prisons (BOP) officials "were demanding that I make $300.00 monthly payments," despite his inability to pay that much, and that he was "placed on restriction for not agreeing to pay restitution amounts that I had no means to comply with." (*Id.* ¶ 4.)[1] He requests a restitution payment schedule of a $25.00 a month. (*Id.*)

Although the Court was inclined to grant the Defendant's motion in August 2023, 18 U.S.C. § 3664(k) prevented the Court from adjusting the payment schedule as the Attorney General had not yet certified that the victim has been notified of the Defendant's change in circumstances. (Order 3, ECF No. 225.) As such, the Court directed the Attorney General to provide the victims notice and file a certification of such. (*Id.*) The Government filed a certification of notice stating that the victim, Guam Insurance Adjusters, Inc., was provided a copy of Defendant's motion, his declaration, and the Court's order. (Notice Certification, ECF No. 226.) Additionally, the Government submitted a notice of filing of Defendant's inmate statement for 2023 (ECF No. 227) and a copy of the 2023 statement (Inmate Statement, ECF No. 227-1). Defendant's inmate statement from 2023 corroborates his assertions. The highest his balance for 2023 was slightly above $250, but his balance has dropped as low as $2.66. (Inmate Statement 2-4.)

//

/

---

[1] There are several "restrictions" inmates may be subject to for refusal to comply with their financial plan. *See* 28 C.F.R. §545.11(d). Defendant is presumably referring to a restriction on his ability to purchase items at the commissary, as none of the other restrictions could be applied to an inmate already placed in solitary confinement. *See* 28 C.F.R. §545.11(d)(6).

### III. LEGAL STANDARD AND ANALYSIS

Pursuant to 18 U.S.C. § 3664(f)(3)(A), courts may order restitution in the form of "a single, lump-sum payment," which is what the Court did in this case at sentencing, (J. 3-4.) Courts may also order restitution be paid in "partial payments at specified intervals." § 3664(f)(3)(A). Additionally, courts may also adjust the payment schedule pursuant to § 3664(k). Section 3664(k) dictates that the defendant must "notify the court and the Attorney General of any material change" in their ability to pay restitution, and "[t]he Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." "*Upon receipt of the notification*, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* (emphasis added). After Defendant was sentenced in this case, the Ninth Circuit held that under the Mandatory Victims Restitution Act of 1996, the court cannot delegate the authority to set a schedule of restitution payments to BOP. *United States v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005). Before *Gunning*, courts frequently left the scheduling of restitution payments up to BOP. Although the Court in this case ordered restitution be paid immediately and did not explicitly delegate the scheduling of payments to BOP, delegation to BOP was the de facto result.

In light of the change in the caselaw and Defendant's economic circumstances, the Court finds that Defendant's economic circumstances materially changed when he was placed in solitary confinement in 2008, and the interests of justice require the institution of a payment schedule now. Further, § 3664(k) has been satisfied as the victim has been provided notice of the change in Defendant's circumstances. As such, the court hereby GRANTS Defendant's motion and amends the judgment pursuant to § 3664(k) to require Defendant to pay a **minimum of $30.00 per month and no more than $50.00 per month** through the BOP Inmate Financial Responsibility Program

towards his restitution obligation, *provided* Defendant has such funds available in his inmate trust account.

**SO ORDERED** this 19th day of September, 2023.

_____
RAMONA V. MANGLONA
Designated Judge