# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:97-cr-00094-001 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| JAMES LEON GUERRERO, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant James Leon Guerrero's pro se Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) (Mot. Recons., ECF No. 233). Defendant requests modification of his restitution payments to $30.00 a month. (*Id.* at 1.) To date, the Government has not filed a response to Defendant's motion. Based on the following, the Court DENIES Defendant's motion.

## II. PROCEDURAL AND FACTUAL HISTORY

Defendant was convicted of one count of Conspiracy to Commit the Crime of Armed Bank Robbery, in violation of 18 U.S.C. § 371 and sentenced in July 1998 to a term of imprisonment of life without parole. (J. 1-2, ECF No. 160, *aff'd*, ECF No. 216 (9th Cir. 2006).) Defendant was ordered to pay $75,846.03 in restitution, due immediately. (*Id.* at 3-4.) In June 2023, Defendant filed a motion requesting a restitution "payment schedule that: (1) puts a $25.00 minimum and $50.00 cap on monthly payments; or (2) puts a $75.00 minimum and $150.00 cap on quarterly payments." (Mot. Restitution Schedule 4, ECF No. 221) and a supporting declaration (Decl., ECF No. 222). On September 19, 2023, the Court granted Defendant's motion and modified his

restitution payment schedule to "a **minimum of $30.00 per month and no more than $50.00 per month** through the BOP Inmate Financial Responsibility Program towards his restitution obligation, *provided* Defendant has such funds available in his inmate trust account." (Order 3-4, ECF No. 229.) Three days later, on September 22, 2023, Defendant's amended judgment issued. (Am. J., ECF No. 230.) On October 31, 2023, the Court received this instant motion, but the attached certificate of service denotes that Defendant sent it on October 23, 2023. (Mot. Recons. 10.)

### III. LEGAL STANDARD

"[M]otions for reconsideration in criminal cases are governed by the rules that govern equivalent motions in civil proceedings." *United States v. Rojas-Osorio*, 381 F. Supp. 3d 1216, 1224 (N.D. Cal. 2019) (citation omitted). "In ruling on motions for reconsideration in criminal cases, courts have relied on the standards governing Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure." *Id.* (citations omitted). The court "generally applies the same analysis under both rules, and its decision is reviewed for abuse of discretion." *Id.* (first citing *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1023 (9th Cir. 2004); and then citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1441 (9th Cir. 1991)).

#### A. Rule 59(e) – Altering or Amending Judgment

Federal Rule of Civil Procedure 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (citation omitted). The Court has "considerable discretion" when adjudicating a Rule 59(e) motion. *Turner v. Burlington N. Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citations omitted). A Rule 59(e) motion may be granted on four different grounds: "the motion is 'necessary to correct manifest errors of law or

fact upon which the judgment is based;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Id.* (emphasis omitted) (citation omitted).

### B.  Rule 60(b) – Relief from Judgment or Order

Pursuant to Federal Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order based on:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

///

## IV.  ANALYSIS

Even utilizing the date that Defendant signed his certificate of service, October 23, 2023, as opposed to the date of filing, his motion is untimely. The amended judgment was entered on September 22, 2023 such that Federal Rule of Civil Procedure 59(b) imposed a deadline of twenty-eight days after entry of judgment, October 20, 2023, for a motion for reconsideration. Defendant mistakenly calculated the twenty-eight days from his receipt of the Court's Order. (*See* Mot. Recons. 2.)

Nevertheless, "the court may construe an untimely motion for reconsideration brought under Rule 59(e) as a motion based on Rule 60(b)." *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1120 (W.D. Wash. 2010) (citations omitted); *accord Mount Graham Red Squirrel v. Madigan*, 954 F.2d 1441, 1463 n.35 (9th Cir. 1992) (citation omitted). Thus, the Court analyzes Defendant's motion under Rule 60(b). Defendant maintains that the Court "overlooked other crucial pieces of the underlying facts" and introduces newly discovered evidence. (Mot. Recons. 3-4.) Specifically, he cites to his prior declaration wherein he states that he can reasonably afford to pay $25.00 a month. (*Id.* (quoting Decl. ¶ 4)) Additionally, he notes that in October 2023, BOP forced him to sign a new Inmate Financial Responsibility Program ("IFRP") contract requiring him to pay $50 a month. (*Id.* at 5.) Finally, he notes that in October 2023, he spoke to his only daughter for the first time in twenty-five years when she expressed that she is expecting her first child and Defendant feels compelled to provide her $50-$100 a month to support. (*Id.* at 5-6.)

The Court finds that neither the motion nor record provides support for relief on any of the Rule 60(b) grounds. In Defendant's motion for a restitution schedule, he requested a "payment schedule that: (1) puts a $25.00 minimum and $*50.00 cap on monthly payments*; or (2) puts a $75.00 minimum and $150.00 cap on quarterly payments." (Mot. Restitution Schedule 4 (emphasis added).) The Court's Order imposing monthly payments of "a **minimum of $30.00 per month and no more than $50.00 per month**" was thus not in excess of Defendant's request. The IFRP contract imposing a $50.00 monthly restitution payment was within the bounds of the Court's Order. When considering a payment schedule, the court shall consider "financial obligations of the defendant; including obligations to *dependents*" 18 U.S.C. § 3664(f)(2)(C), but Defendant's daughter and grandchild are not dependents; thus, while Defendant's attempt to provide a monthly allowance for his daughter and grandchild are commendable, it does not warrant a basis to reduce his restitution amount.

## V. CONCLUSION

Based on the foregoing, the Court DENIES Defendant's motion for reconsideration.

**IT IS SO ORDERED** this 12th day of April 2024.

_____
RAMONA V. MANGLONA
Designated Judge